O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

GARY FISHER,

            Petitioner,

            v.

MICHAEL PLANET,

            Respondent.

)
)
)
)
)
)
)
)
)
)
)

NO. CV 14-4450-VBF (MAN)

**ORDER TO SHOW CAUSE RE: DISMISSAL FOR REPETITIVE PETITION AND FOR LACK OF EXHAUSTION AND/OR UNTIMELINESS**

On June 3, 2014, Petitioner, a California state prisoner, filed a habeas petition pursuant to 28 U.S.C. § 2254[1] in the United States District Court for the Northern District of California ("Petition").  The Northern District thereafter transferred the Petition to this district, in which it is pending.

---

[1] Petitioner alleges that the Petition is brought "under Ku Klux Klan Act 28 U.S.C. [1343] (3)(4)."  (Petition at 1.)  That statute does not serve as a basis for federal habeas jurisdiction.  Rather, 28 U.S.C. § 2241 provides a general grant of habeas authority to federal courts, and 28 U.S.C. § 2254 implements that general grant of authority for persons in custody pursuant to a state court conviction.  White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004).  As Petitioner is in state custody and seeks to challenge a state court conviction, Section 2254 provides the only basis for such a challenge.  *See id.* at 1007-10 (holding that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction").  As a result, Petitioner's attempted attack on his prior conviction is subject to the requirements and limitations that govern Section 2254 actions.  *See id.* at 1007 ("'when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case'") (citation omitted); *see also* Smartt v. Avery, 411 F.2d 408, 409 (6th Cir. 1969)(28 U.S.C. § 1343 "cannot be used by a state prisoner to circumvent the" exhaustion requirement of 28 U.S.C. § 2254)

Petitioner currently is incarcerated pursuant to a conviction sustained in Kern County Superior Court in February 2012.  (Petition at 2.)  However, the Petition does not challenge the 2012 conviction.  Rather, the Petition challenges the validity of a Ventura County Superior Court conviction listed on page 11 of Petitioner's "CJIS"[2] as DCN-T6169631270356000744 (the "Ventura Conviction").  Petitioner alleges that he is attacking the Ventura Conviction on the ground that it "never happened" and is "bogus."  (Petition at 2-3.)

Petitioner has not appended a copy of the CJIS report to the Petition.  However, pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its record and files in Petitioner's other cases filed in this district.  In one pending habeas action, Case No. CV 14-4494-VBF (MAN), Petitioner attached to his habeas petition a copy of the November 30, 2010 CJIS report in question.  That CJIS report, at pages 10-11 and entry DCN-T6169631270356000744, contains an entry for the Ventura Conviction, namely, a misdemeanor conviction for Petitioner for a violation of California Penal Code § 148(a)(1) (wilfully resisting, delaying, or obstructing a public officer or paramedic), which was sustained on April 30, 2002, following a jury trial in the Ventura County Superior Court.  (*See* Case No. CV 14-4494-VBF (MAN), Docket No. 1 at 51-52.)

This is not Petitioner's first Section 2254 petition attacking the Ventura Conviction as "sham" or "bogus."  On March 31, 2014, Petitioner filed a Section 2254 habeas petition in the Northern District, which thereafter was transferred to this district and assigned Case No. CV 14-3356-VBF (Man) (the "3356 Action").  The petition filed in the 3356 Action attacks two convictions listed on Petitioner's above-noted CJIS report -- the Ventura Conviction and another Ventura County Superior Court conviction sustained on February 3, 2004, on the ground that the CJIS record is "false," a "sham", and "manipulated," because Petitioner did not sustain these convictions.  In the 3356 Action petition, Petitioner alleges that he did not pursue an appeal or

---

[2]     Petitioner apparently intends a reference to the FBI's Criminal Justice Information Systems Division, which provides state, local, and federal law enforcement agencies with access to criminal justice information, including criminal histories.

any post-conviction or collateral remedies -- state or federal -- with respect to these two Ventura County Superior Court convictions.[3]

The instant Petition bears a signature date of April 27, 2014.  However, the envelope in which it was mailed to the Northern District shows that it was not provided to a correctional officer for mailing until May 25, 2014 -- a date that is consistent with the Northern District's receipt and filing of the Petition on June 3, 2014.  Accordingly, pursuant to the "mailbox rule," the Court will deem the Petition to have been "filed" on May 25, 2014.[4]

## I.  DISMISSAL IS WARRANTED, BECAUSE THE PETITION IS DUPLICATIVE OF A PENDING HABEAS PETITION.

As noted above, the habeas petition filed by Petitioner in the 3356 Action challenges the validity of the Ventura Conviction listed on Petitioner's CJIS report on the ground that Petitioner did not sustain the Ventura Conviction -- the same habeas challenge made by the instant Petition.  The Respondent in the 3356 Action is the same as the Respondent in this action.  The relief sought by the two cases is the same, as would be any relief to be afforded in either case.  In short, this action is duplicative of the pending 3356 Action.

"District courts retain broad discretion to control their dockets and '[i]n the exercise of that power they may impose sanctions including, where appropriate, default or dismissal.'"  Adams v.

---

[3]     On June 4, 2014, the Court issued an Order To Show Cause in the 3356 Action, directing Petitioner to show cause why the case should not be dismissed for lack of exhaustion and/or untimeliness.  Petitioner's response is due by July 7, 2014.

[4]     "Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court."  Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); see also Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.  It makes no difference to the Petition's timeliness whether it is deemed to have been filed in April 2014, or in May 2014.

1   Calif. Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007) (citation omitted).  "After

2   weighing the equities of the case, the district court may exercise its discretion to dismiss a

3   duplicative later-filed action."  Id.; see also M.M. v. Lafayette Sch. Dist., 681 F.3d 1082, 1091 (9th

4   Cir. 2012) ("a district court has broad discretion to control its own docket, and that includes the

5   power to dismiss duplicative claims").   The fact that a district court has identified defects in a

6   first-filed action does not give a litigant the right to file a second lawsuit based upon the same

7   facts.  Adams, 487 F.3d at 688; see also Garza v. Unknown, 2009 WL 197528 (E.D. Cal. Jan. 27,

8   2009) (Case No. 1:08-cv-01307 GSA) (dismissing habeas petition on the ground it was duplicative

9   when it sought to challenge the same conviction challenged by earlier petitions that had been

10   dismissed for failure to state a claim upon which relief could be granted).


12        "Plaintiffs generally have 'no right to maintain two separate actions involving the same

13   subject matter at the same time in the same court and against the same defendant.'"  Adams, 487

14   F.3d at 688 (citation omitted) (affirming the dismissal of a later-filed duplicative lawsuit).  A

15   plaintiff must bring one action against a party or privies relating to the same transaction or event.

16   Id. at 693. A court has the power to dismiss a duplicative action with prejudice to prevent a

17   plaintiff from "fragmenting a single cause of action and litigating piecemeal the issue which could

18   have been resolved in one action."  Id. at 694.


20        Petitioner may not attempt to maintain duplicative Section 2254 attacks on the Ventura

21   Conviction.  Indeed, the general prohibition on second or successive habeas petitions -- 28 U.S.C.

22   § 2244(b) -- makes plain the impropriety of Petitioner's attempt to have two bites of the apple.

23   In the interests of judicial economy and consistency, the instant Petition should be dismissed on

24   the ground that it is duplicative.  Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the

25   Petition should not be dismissed, without prejudice, as duplicative.  **By no later than July 9,**

26   **2014**, Petitioner shall file a response to this Order To Show Cause.  If Petitioner concedes that

27   the Petition is duplicative, he shall state this concession clearly.  If Petitioner disputes that the

28   Petition is duplicative, he must explain clearly and in detail why it is not duplicative of the petition

4

filed and pending in the 3356 Action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that the Petition is duplicative and may be dismissed on that ground.**

## II.    DISMISSAL ALSO APPEARS TO BE WARRANTED DUE TO LACK OF EXHAUSTION.

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state-court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005).  "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999)(emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court.  *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

1       The instant Petition lacks any allegations regarding Petitioner's exhaustion efforts, if any.

2   Based upon Petitioner's allegations in the 3356 Action petition, it appears that Petitioner has not

3   sought any state court relief with respect to the Ventura Conviction.  In an attempt to confirm

4   whether the Petition is exhausted or unexhausted, the Court has reviewed the dockets for the

5   California Supreme Court, which are available electronically,[5] and takes judicial notice of their

6   contents pursuant to Federal Rule of Evidence 201.  A search of those dockets under Petitioner's

7   various names[6] shows that the *only* action Petitioner has filed in the California Supreme Court is

8   a habeas proceeding that commenced on December 2, 2013, and ended with a denial of relief on

9   February 11, 2014 (Case No. S215016).

10

11       The state docket does not reveal whether Case No. S215016 relates to the Ventura

12   Conviction, one of Petitioner's other earlier convictions, his current 2012 conviction, or something

13   else.  Given the affirmative allegation in the 3356 Action petition that Petitioner has *not* sought

14   any post-conviction or other state relief with respect to the Ventura Conviction and the February

15   2004 conviction, it appears unlikely that Case No. S215016 has any relation to the Ventura

16   Conviction.  If it does not, the Petition is unexhausted.

17

18       If the Petition is unexhausted, it must be dismissed without prejudice.  Rose, 455 U.S. at

19   522, 102 S. Ct. at 1205.[7]  Accordingly, Petitioner is further ORDERED TO SHOW CAUSE why the

20

21         [5]      *See* http://appellatecases.courtinfo.ca.gov.

22         [6]      Petitioner has filed or attempted to file numerous actions in this district in the past.
Sometimes he uses the name "Gary Fisher" and other times the names "Gary Barger" or "Gary

23   Dale Barger."

24         [7]      A fully unexhausted federal habeas petition may not be stayed and must be
dismissed.  *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully

25   unexhausted petition may not be stayed and observing:  "Once a district court determines that
a habeas petition contains only unexhausted claims, it need not inquire further as to the

26   petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust.");
Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully

27   unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed
habeas petition where at least some of the claims have been exhausted, and none of [petitioner's]

28   claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is

Petition should not be dismissed, without prejudice, for lack of exhaustion. **By no later than July 9, 2014**, Petitioner shall file a response to this Order To Show Cause.  If Petitioner concedes that the Petition is unexhausted, he shall state this concession clearly.  If Petitioner disputes that the Petition is unexhausted, he must explain clearly and in detail why it is exhausted, and he must provide any available competent evidence that establishes the exhaustion of the Petition, including through an accurate and complete copy of the habeas petition he filed in Case No. S215016.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that the Petition is unexhausted and may be dismissed on that ground.**

## III.   LASTLY, DISMISSAL APPEARS TO BE WARRANTED DUE TO UNTIMELINESS

The Petition does not allege when Petitioner first became aware of the allegedly erroneous inclusion of the Ventura Conviction in Petitioner's CJIS report.  However, in his 3356 Action petition, Petitioner admitted that he has been aware of this allegedly erroneous information in his CJIS criminal history record since an unidentified date in 2005, when he "saw this" entry in an earlier CJIS report.  The Petition, however, was not filed until late May 2014, eight or more years later.  Thus, on its face, the Petition appears to be untimely, for the reasons detailed below.

### A.   The Accrual And Running Of Petitioner's Limitations Period

The one-year limitations period that governs the Petition is set forth in 28 U.S.C. § 2244(d)(1).[8]  Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible

---

"'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

[8]      The Section 2244(d)(1) limitations period is triggered and begins to run from the latest of:  (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on

7

1  triggering dates for the accrual and commencement of a state prisoner's one-year limitations
2  period.  The Supreme Court has described these as follows:

4         § 2244(d)(1) provides that a "1-year period of limitation shall apply to an *application*
5         for a writ of habeas corpus." (Emphasis added.)  The subsection then provides one
6         means of calculating the limitation with regard to the "application" as a whole,
7         § 2244(d)(1)(A) (date of final judgment), but three others that require
8         claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); §
9         2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual
10        predicate).

12 Pace v. DiGuglielmo, 544 U.S. 408, 416 n.6, 125 S. Ct. 1807, 1813 n.6 (2005).

14        In most instances, a state prisoner's limitations period will be governed by Section
15 2244(d)(1)(A).  *Cf.* Dodd v. United States, 545 U.S. 353, 357, 125 S. Ct. 2478, 2481 (2005)
16 (discussing a parallel limitations provision for 28 U.S.C. § 2255 motions and noting that the
17 provision establishes the operative accrual date "[i]n most cases").  If this were a typical Section
18 2254 habeas case and subsection (A) applied here,  Petitioner's limitations period for the Ventura
19 Conviction would have commenced running in 2002, and thus, Petitioner's limitations period would
20 have expired for the convictions in 2003.  Petitioner, however, contends that he did not sustain
21 the Ventura Conviction and did not learn of its existence, as set forth in his criminal history record,
22 until 2005.  Thus, Petitioner did not discover the factual predicate for the claims alleged in the
23 Petition until 2005, and 2244(d)(1)(D) would appear to apply here.

26 which any impediment to the filing of a federal petition created by unconstitutional state action
27 is removed; (C) the date on which a newly recognized and retroactively applicable constitutional
   right was first recognized by the United States Supreme Court; or (D) the date on which the
28 factual predicate underlying a claim could have been discovered through the exercise of due
   diligence.  28 U.S.C. § 2244(d)(1)(A)-(D).

Section 2244(d)(1)(D), by its terms, only applies when two predicates are met:  (1) there is a delayed discovery of the facts giving rise to a claim; and (2) the delay is excusable, because the petitioner has exercised diligence.  As the Ninth Circuit has made clear, the limitations period begins to run pursuant to Section 2244(d)(1)(D) "'when the prisoner knows (or through due diligence could discover) the important facts, not when the prisoner recognizes their legal significance.'"  Hasan v. Galaza, 254 F.3d 1150, 1154 & n.3 (9th Cir. 2001) (citation omitted) (further observing that, once the petitioner was aware of the facts themselves, even if he did not understand their legal significance, the limitations "clock started ticking").

For purposes of argument, the Court will assume that, as Petitioner alleges, he was not aware that the Ventura Conviction was included in his criminal history record until 2005, and that he was not dilatory in discovering such information.   Under this set of assumptions, once Petitioner learned such information on that unspecified date in 2005, his limitations period began running the next day.  Accordingly, absent tolling, his limitations period expired one year later in 2006, seven or more years before he filed the instant Petition.

### B.    Statutory Tolling Is Not Available.

28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-filed" application for post-conviction or other collateral review is "pending" in state court. The Petition alleges that Petitioner has *not* sought any post-conviction or collateral review with respect to his claim(s) regarding the State Convictions.   If so, Section 2244(d)(2) has no application here.

In the unlikely event that the sole habeas petition filed by Petitioner in the California Supreme Court -- Case No. S215016 -- does relate to his present claims, he nonetheless may not receive statutory tolling based upon that petition, because it was not filed until December 2, 2013 -- at least seven years after his limitations period expired.  That petition, whether or not it relates

9

to the subject-matter of the Petition, simply cannot serve as a basis for Section 2244(d)(2) tolling. *See, e.g.,* Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had already elapsed, statutory tolling cannot save his claim in the first instance"); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from being untimely).

### C.   No Basis For Equitable Tolling Is Apparent.

The Supreme Court has made clear that the one-year limitations period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances.  Holland v. Florida, 560 U.S. 631, 645-49, 130 S. Ct. 2549, 2560-62 (2010).  However, application of the equitable tolling doctrine is the exception rather than the norm.  *See, e.g.,* Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity"); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("equitable tolling is unavailable in most cases").  "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted); *see also* Lakey, 633 F.3d at 786 (noting the "necessity" of a "high threshold" for application of the equitable tolling doctrine).

As the Supreme Court has explained, a habeas petitioner may receive equitable tolling only if he "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Holland, 560 U.S. at 649, 130 S. Ct. at 2562 (citation omitted); *see also* Pace v. DiGuglielmo, 544 U.S. 408, 418 and n.8, 125 S. Ct. 1807, 1814 and n.8 (2005).  Both elements must be met.  *Id.* at 418, 125 S. Ct. at 1814-15 (finding that the petitioner was not entitled to equitable tolling, because he had not established

10

1    the requisite diligence).   A petitioner seeking application of the doctrine bears the burden of

2    showing that it should apply to him.  *Id.*; *see also* Lawrence v. Florida, 549 U.S. 327, 336, 127 S.

3    Ct. 1079, 1085 (2007) (observing that, to receive equitable tolling, the petitioner must prove the

4    above two requirements).

5

6         Petitioner does not allege that he is entitled to equitable tolling.  Construing the allegations

7    of the Petition and Petitioner's filings in his other cases liberally, Petitioner claims that he presently

8    suffers from ataxia, paralysis, and cognitive impairments stemming from a traumatic brain injury.

9    However, as the copies of medical records appended to the 3356 Action petition show, Petitioner

10   sustained that injury on November 28, 2013 -- approximately seven years *after* his limitations

11   period expired.   Thus, however unfortunate the circumstances of Petitioner's present health

12   situation may be, those circumstances cannot serve as a basis for equitable tolling, because they

13   did not arise until many years after his time to seek relief with respect to the State Conviction had

14   passed.

15

16        Petitioner admittedly has known, since 2005, that his criminal history record listed the

17   Ventura Conviction.   Nonetheless, he waited over eight years to seek relief.   His dilatoriness

18   precludes any finding that equitable tolling could apply in this case and render the Petition timely.

19

20        District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to

21   dismiss a petition that is untimely on its face after providing the petitioner with the opportunity

22   to be heard.  Day v. McDonough, 547 U.S. 198, 209, 126 S. Ct. 1675, 1684 (2006); Wentzell v.

23   Neven, 674 F.3d 1124, 1126 (9th Cir. 2012).   For the reasons discussed above, the Petition is

24   facially untimely.   Accordingly, Petitioner is further ORDERED TO SHOW CAUSE why this action

25   should not be dismissed on the ground of untimeliness.   **By no later than July 9, 2014**,

26   Petitioner shall file a response to this Order To Show Cause.  If Petitioner concedes that this action

27   is untimely, he shall state this concession clearly.  If Petitioner disputes that this action is

28   untimely, he must explain clearly and in detail why it is not untimely, and he must provide any

available competent evidence that establishes the timeliness of this action.

**Petitioner is explicitly cautioned that his failure to comply with this Order will be deemed to constitute a concession that this action is untimely and may be dismissed on that ground.**

IT IS SO ORDERED.[9]

DATED:  June 16, 2014.

_Margaret a. Nagle_

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[9]      Given the above-noted procedural defects of the Petition, the Court has not addressed, and need not address, the question of whether the claim(s) alleged in the Petition are cognizable under Section 2254.