O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARY FRANCIS FISHER, | ) | NO. LA CV 14-04450-VBF-MAN |
| | ) | |
| **Petitioner,** | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | Summarily Dismissing the Habeas Petition With Prejudice for Untimeliness; and |
| | ) | |
| MICHAEL PLANET, | ) | Denying a Certificate of Appealability |
| | ) | |
| Respondent. | ) | |
| | ) | |

Proceeding *pro se*, California state prisoner Gary Fisher ("petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254 ("the petition") in the United States District Court for the Northern District of California on June 3, 2014, and that court transferred the case here.[1]  For

---

[1]     The petition states that it is brought "under Ku Klux Klan Act 28 U.S.C. [1343] (3)(4)." (Petition at 1.)  That statute does not serve as a basis for federal habeas jurisdiction.  *See Fisher v. Ventura County Sheriff's Narcotics Agency*, 2014 WL 2772705, *1 n.1 (C.D. Cal. June 18, 2014) (Fairbank, J.) ("The petition states that it is brought pursuant to the 'Ku Klux Klan Act of 1871' and 28 U.S.C. § 1343(a)(3) and (4), but neither statute serves as a basis for federal habeas jurisdiction.").  Title 28 U.S.C. § 2241 provides a general grant of habeas authority to federal courts, and 28 U.S.C. § 2254 implements that general grant of authority for persons in custody pursuant to a state court conviction.  *See White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004).

As Petitioner is in state custody and seeks to challenge a state-court conviction, section 2254 provides the *only* basis for such a challenge.  *See White*, 370 F.3d at 1007-10 (holding that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction," and that "'when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case'") (citation omitted); *see also Smartt v. Avery*, 411 F.2d 408, 409 (6th Cir. 1969) (Title 28 U.S.C. § 1343 "cannot be used by a state prisoner to circumvent the"

1    the reasons that follow, the Court will dismiss the habeas petition with prejudice as facially untimely and

2    will decline to issue a certificate of appealability ("COA").

3

4        Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that

5    a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition

6    and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it plainly

7    appears that the petition is untimely.[2]  Petitioner currently is incarcerated pursuant to a conviction sustained

8    in Kern County Superior Court in February 2012.  (Petition at 2.)  However, the petition does not challenge

9    the 2012 conviction.  Rather, the petition challenges the validity of a Ventura County Superior Court

10   conviction listed on page 11 of petitioner's "CJIS"[3] as DCN-T6169631270356000744 (the "Ventura

11   Conviction").  Petitioner alleges that he is attacking the Ventura Conviction on the ground that it "never

12   happened" and is "bogus."  (Petition at 2-3.)

13

14       Petitioner has not appended a copy of the CJIS report to the petition.  However, pursuant to Rule 201

15   of the Federal Rules of Evidence, the Court takes judicial notice of its records and files in petitioner's other

16   cases filed in this district.  In one now-closed habeas action, Case No. CV 14-4494-VBF (MAN), petitioner

17   attached to his habeas petition a copy of the November 30, 2010 CJIS report in question.  That CJIS report,

18   at pages 10-11 and entry DCN-T6169631270356000744, contains an entry for the Ventura Conviction,

19   namely, a misdemeanor conviction for petitioner for a violation of California Penal Code § 148(a)(1)

20

_____

21   exhaustion requirement of 28 U.S.C. § 2254).

22       [2]    District courts are permitted to consider, *sua sponte*, whether a petition is untimely and to
     dismiss a petition that is untimely on its face after providing the petitioner with the opportunity to be heard.
23   *Day v. McDonough*, 126 S. Ct. 1675, 1684 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).
     As explained below, petitioner was afforded such an opportunity, but he declined to use it.
24
         [3]    Petitioner apparently intends a reference to the FBI's Criminal Justice Information Systems
25   Division, which provides state, local, and federal law enforcement agencies with access to criminal justice
     information, including criminal histories.  *See Battle v. United States*, 2014 WL 2930750, *5 (D. Md. June
26   26, 2014) ("The CJIS system . . . is a system designed to compile and provide access to criminal justice
     records.").  "The CJIS 'incorporates the Fingerprint Identification Records System (FIRS), the National
27   Crime Information Center (NCIC), and the National Instant Criminal Background Check System.'"  *Fisher
     v. Planet*, No. LA CV 14-03356-VBF-MAN Doc. 11 at 2 n.3 (C.D. Cal. Sept. 16, 2014) (quoting *Djenasevic
28   v. Executive U.S. Attorney's Office*, 579 F. Supp.2d 129, 133 (D.D.C. 2008) (citation omitted)).

1   (wilfully resisting, delaying, or obstructing a public officer or paramedic), which was sustained on April 30,

2   2002, following a jury trial in the Ventura County Superior Court.  (*See* Case No. LA CV 14-04494-VBF

3   (MAN), Docket No. 1 at 51-52.)[4]

4

5       On June 16, 2014, United States Magistrate Judge Margaret A. Nagle issued in Order To Show

6   Cause in this case ("OSC").  The OSC explained to petitioner why the petition appears to be both

7   unexhausted and untimely, as well as duplicative of the petition filed in the 3356 Action, and directed him

8   to file a response, by no later than July 9, 2014, showing that his claims are exhausted, timely, and not

9   duplicative.  The OSC warned petitioner as follows:

10

11         **Petitioner is explicitly cautioned that his failure to comply with this Order will**

12         **be deemed to constitute a concession that the Petition is duplicative and may be**

13         **dismissed on that ground.**

14                                         * * *

15         **Petitioner is explicitly cautioned that his failure to comply with this Order will**

16         **be deemed to constitute a concession that the Petition is unexhausted and may be**

17         **dismissed on that ground.**

18                                         * * *

19         **Petitioner is explicitly cautioned that his failure to comply with this Order will**

20         **be deemed to constitute a concession that this action is untimely and may be dismissed**

21

22      [4]        This is not petitioner's first Section 2254 petition attacking the Ventura Conviction as "sham"
    or "bogus."  On March 31, 2014, petitioner filed a Section 2254 habeas petition in the Northern District of
23  California, which thereafter was transferred to this district and assigned Case No. CV 14-3356-VBF (MAN)
    (the "3356 Action").  The petition filed in the 3356 Action attacks two convictions listed on petitioner's
24  above-noted CJIS report -- the Ventura Conviction and another Ventura County Superior Court conviction
    sustained on February 3, 2004 -- on the ground that the CJIS record is "false," a "sham", and "manipulated,"
25  because petitioner did not sustain these convictions.  In the 3356 Action petition, petitioner alleges that he
    did not pursue an appeal or any post-conviction or collateral remedies -- state or federal -- with respect to
26  these two Ventura County Superior Court convictions.

27      The undersigned dismissed the 3356 habeas action with prejudice as untimely by Order issued
    yesterday.  *See Fisher v. Planet*, No. LA CV 14-03356-VBF-MAN Doc. 11 at 2 n.3 (C.D. Cal. Sept. 16,
28  2014).

                                        3

1    **on that ground.**

2

3    (OSC at 5, 7, 12; emphasis in original.)

4

5    Petitioner did not file a response to the OSC, nor has he requested an extension of time to do so.

6    Thus, the Court assumes that petitioner concedes the petition is unexhausted, untimely, and duplicative.[5]

7    Regardless of that presumed concession, it is clear that the petition is untimely for the following reasons.

8

9    The instant petition bears a signature date of April 27, 2014. However, the envelope in which it was

10   mailed to the Northern District shows that it was not provided to a correctional officer for mailing until May

11   25, 2014 -- a date that is consistent with the Northern District's receipt and filing of the petition on June 3,

12   2014. Accordingly, pursuant to the "mailbox rule," the Court will deem the petition to have been "filed"

13   on May 25, 2014.[6]

14

15   The Petition does not allege when petitioner first became aware of the allegedly erroneous inclusion

16   of the Ventura Conviction in his CJIS report. However, in his 3356 Action petition, he admitted that he has

17   been aware of this allegedly erroneous information in his CJIS criminal history record since an unidentified

18   date in 2005, when he "saw this" entry in an earlier CJIS report.

19   The one-year limitations period that governs the petition is set forth in 28 U.S.C. § 2244(d)(1).[7]

20

21   [5]The petition plainly could be dismissed, without prejudice, for lack of exhaustion, as well as because
     it is duplicative. However, given that petitioner continues to file habeas petitions in this district containing

22   versions of these same unexhausted claims, despite repeated orders by the Court dismissing his petitions for
     lack of exhaustion, the Court believes it is appropriate to resolve the obvious timeliness problem.

23

24   [6]"Under the 'mailbox rule,' a pro se prisoner's filing of a state habeas petition is deemed filed at the
     moment the prisoner delivers it to prison authorities for forwarding to the clerk of the court." *Stillman v.*
     *Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003); *Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir.

25   2010); *see also* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.
     The petition is untimely whether it is deemed to have been filed in April 2014 or in May 2014

26

27   [7]The section 2244(d)(1) limitations period is triggered and begins to run from the latest of: (A) the
     date on which the underlying judgment became final through either the conclusion of direct review or the

28   expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a
     federal petition created by unconstitutional state action is removed; (C) the date on which a newly

4

Through its subparts (A) through (D), Section 2244(d)(1) contemplates four possible triggering dates for the accrual and commencement of a state prisoner's one-year limitations period.  The Supreme Court has described these as follows:

> § 2244(d)(1) provides that a "1-year period of limitation shall apply to an *application* for a writ of habeas corpus." (Emphasis added.)  The subsection then provides one means of calculating the limitation with regard to the "application" as a whole, § 2244(d)(1)(A) (date of final judgment), but three others that require claim-by-claim consideration, § 2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); § 2244(d)(1)(D) (new factual predicate).

*Pace v. DiGuglielmo*, 544 U.S. 408, 125 S. Ct. 1807, 1813 n.6, *reh'g denied*, 545 U.S. 1135, 125 S. Ct. 2931 (2005).  In most instances, a state prisoner's limitations period will be governed by section 2244(d)(1)(A). *Cf. Dodd v. United States*, 545 U.S. 353, 125 S. Ct. 2478, 2481 (2005) (discussing a parallel limitations provision for § 2255 motions and noting that the provision establishes the operative accrual date "[i]n most cases").  If this were a typical Section 2254 habeas case and subsection (A) applied here, petitioner's limitations period for the Ventura Conviction would have commenced running in 2002, and thus, petitioner's limitations period would have expired for this conviction in 2003.  Petitioner, however, contends that he did not sustain the Ventura Conviction and did not learn of its existence, as set forth in his criminal history record, until 2005.  Accepting petitioner's allegation at face value, he therefore did not discover the factual predicate for the claim(s) alleged in the petition until 2005, and the delayed accrual rule of section 2244(d)(1)(D) may apply here.

Section 2244(d)(1)(D), by its terms, only applies when two predicates are met:  (1) there is a delayed discovery of the facts giving rise to a claim; and (2) the delay is excusable, because the petitioner has

---

recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

1    exercised diligence.  As the Ninth Circuit has made clear, the limitations period begins to run pursuant to

2    section 2244(d)(1)(D) "'when the prisoner knows (or through due diligence could discover) the important

3    facts, not when the prisoner recognizes their legal significance.'"  *Hasan v. Galaza*, 254 F.3d 1150, 1154

4    & n.3 (9th Cir. 2001) (citation omitted) (further observing that, once the petitioner was aware of the facts

5    themselves, even if he did not understand their legal significance, the limitations "clock started ticking").

6

7         For purposes of argument, the Court will assume that, as petitioner alleges, he was not aware the

8    Ventura Conviction was included in his criminal history record until 2005, and that he was not dilatory in

9    discovering such information.  Under these assumptions, once petitioner learned such information on that

10   unspecified date in 2005, his limitations period began running the next day.  Accordingly, absent tolling, his

11   limitations period expired one year later in 2006, seven or more years before he filed the instant petition.

12   The question then is whether statutory and/or equitable tolling can render the petition timely.

13

14        Title 28 U.S.C. § 2244(d)(2) suspends the limitations period for the time during which a "properly-

15   filed" application for post-conviction or other collateral review is "pending" in state court.  The related 3356

16   Action petition alleges that petitioner has *not* sought any post-conviction or collateral review with respect

17   to his claim(s) regarding the Ventura Conviction.  If so, Section 2244(d)(2) has no application here.

18   However, in an attempt to confirm whether the petition is exhausted or unexhausted, the Court has reviewed

19   the    dockets    for    the    California    Supreme    Court,    which    are    available    electronically,    *see*

20   http://appellatecases.courtinfo.ca.gov, and takes judicial notice of their contents pursuant to Federal Rule

21   of Evidence 201.  A search of those dockets under petitioner's various names[8] shows that the *only* action

22   petitioner has filed in the California Supreme Court is a habeas proceeding that commenced on December

23   2, 2013, and ended with a denial of relief on February 11, 2014 (Case No. S215016).

24

25        The state docket does not reveal whether Case No. S215016 relates to the Ventura Conviction, one

26   of petitioner's numerous other earlier convictions, or his current conviction.  Given the affirmative allegation

27   _____

28        [8]    Petitioner has filed or attempted to file numerous actions in the Court in the past.  Sometimes
     he uses the name "Gary Fisher" and other times the names "Gary Barger" or "Gary Dale Barger."

1    in the 3356 Action petition that petitioner has *not* sought any post-conviction or other state relief with

2    respect to the Ventura Conviction, it appears unlikely that Case No. S215016 has any relation to the Ventura

3    Conviction.   In any event, in the unlikely event that this state high court petition does relate to petitioner's

4    present claim(s), he nonetheless may not receive statutory tolling based upon that petition, because it was

5    not filed until December 2, 2013 --  seven years or more years after his limitations period expired.   As a

6    result, that petition, whether or not it relates to the subject-matter of the instant petition, simply cannot serve

7    as a basis for Section 2244(d)(2) tolling.   *See, e.g., Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003)

8    ("because [petitioner] did not file his first state petition until after his eligibility for federal habeas had

9    already elapsed, statutory tolling cannot save his claim in the first instance"); *Ferguson v. Palmateer*, 321

10   F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that

11   has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (state

12   habeas petition filed "well after the AEDPA statute of limitations ended" did not save federal petition from

13   being untimely).   Thus, statutory tolling is unavailable.

14

15          With respect to equitable tolling, the Supreme Court has made clear that the one-year limitations

16   period established by Section 2244(d)(1) may be equitably tolled in appropriate circumstances.   *Holland v.*

17   *Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560-62 (2010).   However, application of the equitable tolling

18   doctrine is the exception rather than the norm.   *See, e.g., Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011

19   (9th Cir. 2009) (characterizing the Ninth Circuit's "application of the doctrine" as "sparing" and a "rarity");

20   *Miles v. Prunty,* 187 F.3d 1104, 1107 (9th Cir. 1999) (equitable tolling "unavailable in most cases").

21   "Indeed, the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the

22   rule."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quote marks & citation omitted).

23          As the Supreme Court has explained, a habeas petitioner may receive equitable tolling only if he

24   "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

25   stood in his way' and prevented timely filing."  *Holland*, 560 U.S. 631, 130 S. Ct. at 2562 (citation omitted);

26   *see also Pace*, 125 S. Ct. at 1814 and n.8.  Both elements must be met.  *Id.* at 1814-15 (finding that the

27   petitioner was not entitled to equitable tolling, because he had not established the requisite diligence).  A

28   petitioner seeking application of the doctrine bears the burden of showing that it should apply to him.  *Id.*;

7

1   *see also Lawrence v. Florida,* 127 S. Ct. 1079, 1085 (2007).

2

3          Petitioner does not allege that he is entitled to equitable tolling, and the instant petition does not

4   contain any allegation or evidence that could be construed to serve as a basis for equitable tolling. However,

5   construing the allegations of the related 3356 Action petition and its attachments liberally, petitioner

6   apparently claims that he presently suffers from ataxia, paralysis, and cognitive impairments stemming from

7   a traumatic brain injury. However, as the copies of medical records appended to the 3356 Action petition

8   show, petitioner sustained that injury on November 28, 2013 -- approximately seven years *after* his

9   limitations period had expired. Thus, however unfortunate the circumstances of petitioner's present health

10  situation may be, because such circumstances did not arise until many years after his time to seek relief with

11  respect to the Ventura Conviction had passed, those circumstances cannot serve as a basis for equitable

12  tolling. Petitioner admittedly has known -- since 2005 -- that his criminal history record listed the Ventura

13  Conviction. Nonetheless, he waited over eight years to seek relief. His dilatoriness precludes any finding

14  that equitable tolling could apply in this case and render the petition timely.

15

16         Petitioner has been afforded the opportunity to show that the petition is timely, yet he declined to do

17  so. The record establishes that the petition is untimely. Because it is plain from the face of the petition that

18  it is untimely, summary dismissal is required. Accordingly, the Court will summarily dismiss the habeas

19  petition with prejudice as facially untimely.

20

21         Under 28 U.S.C. § 2253(c)(1)(A), an appeal may not be taken from a "final order in a habeas corpus

22  proceeding in which the detention complained of arises out of process issued by a state court" unless the

23  appellant first obtains a certificate of appealability ("COA"). Pursuant to Rule 11(a) of the Rules Governing

24  Section 2254 Cases in the United States District Courts, the Court has considered whether a COA is

25  warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604

26  (2000). As the Supreme Court has explained,

27

28         [w]here a procedural bar is present and the district court is correct to invoke it to dispose of

the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that a petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Slack*, 529 U.S. 473, 120 S. Ct. at 1604. The Court is mindful that it "must resolve doubts about the propriety of a COA in petitioner's favor," *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (en banc) (Fifth Circuit citation omitted), but no such doubt exists here. Reasonable jurists would not find it debatable that the petition is facially untimely and should be summarily dismissed with prejudice. Accordingly, the Court concludes that a COA is unwarranted.

ORDER

The habeas corpus petition is **DISMISSED with prejudice**.

This action is **TERMINATED**.

A certificate of appealability is DENIED. This is a final order, but it will not be appealable unless petitioner obtains a certificate of appealability from the United States Court of Appeals for the Ninth Circuit.

As required by FED. R. CIV. P. 58(a), the final judgment will be issued by separate document.

IT IS SO ORDERED.

DATED:        September 18, 2014

_____
VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

9